RUSS, AUGUST & KABAT
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (admitted *pro hac vice*)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (admitted *pro hac vice*)
shasenour@raklaw.com
Drew B. Hollander (admitted *pro hac vice*)
dhollander@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*Scramoge Technology Limited*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LTD., <br><br> Plaintiff, <br><br> vs. <br><br> ANKER INNOVATIONS LTD. and FANTASIA TRADING LLC D/B/A ANKERDIRECT, <br><br> Defendants. | Case No. 5:21-cv-01712-DOC-ADS <br><br> **AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Scramoge Technology Limited ("Plaintiff" or "Scramoge") makes the following allegations against Defendants Anker Innovations Limited and Fantasia Trading LLC d/b/a AnkerDirect (collectively, "Defendants" or "Anker"):

## INTRODUCTION

1.  This amended complaint arises from Anker's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in wireless charging of mobile devices: United States Patent Nos. 9,490,652 ("the '652 Patent"), 10,193,392 ("the '392 Patent"), and 7,825,537 ("the '537 Patent") (collectively, the "Asserted Patents").

## PARTIES

2.  Plaintiff Scramoge Technology Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Scramoge is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3.  On information and belief, Defendant Anker Innovations Limited is a foreign corporation organized under the laws of Hong Kong, with its principal place of business at Room 1318-19, Hollywood Plaza, 610 Nathan Road, Mongkok, Kowloon, Hong Kong SAR, People's Republic of China.

4.  On information and belief, Defendant Fantasia Trading LLC d/b/a AnkerDirect is a Delaware corporation, with a principal place of business at 5350 Ontario Mills Pkwy, Suite 100, Ontario, California 91764. Fantasia Trading LLC is a wholly-owned subsidiary of Anker Innovations Limited and is registered to conduct business in California.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling Anker-branded products that infringe the Asserted Patents.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendant Fantasia Trading LLC is registered to do business in California and has a regular and established place of business in this District, including at 5350 Ontario Mills Pkwy, Suite 100, Ontario, California 91764. Additionally, venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendant Anker is a foreign defendant organized under the laws of Hong Kong and venue is proper in this District pursuant to 28 U.S.C. § 1391(c).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,490,652

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent

2

No. 9,490,652, entitled "Wireless charger equipped with auxiliary power supply and auxiliary power device." The '652 Patent was duly and legally issued by the United States Patent and Trademark Office on November 8, 2016. A true and correct copy of the '652 Patent is attached as Exhibit 1.

10. On information and belief, Anker makes, uses, offers for sale, sells, and/or imports certain products, including without limitation the Anker-branded PowerCore 10K Wireless, PowerCore III 10K Wireless, and Anker 622 Magnetic Battery (MagGo) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '652 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

11. The Accused Products satisfy all claim limitations of one or more claims of the '652 Patent. A claim chart comparing exemplary independent claim 1 of the '652 Patent to representative Accused Products is attached as Exhibit 2.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Anker has injured Plaintiff and is liable for infringement of the '652 Patent pursuant to 35 U.S.C. § 271(a).

13. As a result of Anker's infringement of the '652 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Anker's infringement, but in no event less than a reasonable royalty for the use made of the invention by Anker, together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,193,392

14. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent

No. 10,193,392, entitled "Wireless power transfer device and wireless power transfer system." The '392 Patent was duly and legally issued by the United States Patent and Trademark Office on January 29, 2019. A true and correct copy of the '392 Patent is attached as Exhibit 3.

16. On information and belief, Anker makes, uses, offers for sale, sells, and/or imports certain products, including without limitation the Anker-branded PowerCore III 10K Battery Charger ("Accused Products") that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '392 Patent in violation of 35 U.S.C. § 271(a). Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

17. The Accused Products satisfy all claim limitations of one or more claims of the '392 Patent. A claim chart comparing exemplary independent claim 1 of the '392 Patent to representative Accused Products is attached as Exhibit 4.

18. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Anker has injured Plaintiff and is liable for infringement of the '392 Patent pursuant to 35 U.S.C. § 271(a).

19. As a result of Anker's infringement of the '392 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Anker's infringement, but in no event less than a reasonable royalty for the use made of the invention by Anker, together with interest and costs as fixed by the Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,825,537

20. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

21. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent

No. 7,825,537, entitled "Inductive power transfer system and method." The '537 Patent was duly and legally issued by the United States Patent and Trademark Office on November 2, 2010. A true and correct copy of the '537 Patent is attached as Exhibit 5.

22.     On information and belief, Anker makes, uses, offers for sale, sells, and/or imports certain products, including without limitation the Anker-branded Wireless Charging Pad, PowerPort Wireless 5 Pad, PowerPort Wireless 5 Stand, PowerPort Wireless 5 Charger, PowerPort Wireless 10 Charger, PowerPort Wireless 10 Pad, PowerCore 10K Wireless, PowerCore III 10K Wireless, PowerWave Pad, PowerWave 15 Pad, PowerWave Evo Pad, PowerWave Evo Stand, PowerWave 7.5 Pad, PowerWave 7.5 Stand, PowerWave 7.5 Car Mount, PowerPort Wireless 5 Pad, PowerWave Pad +, PowerWave Base Pad, PowerWave Pad Alloy, PowerWave Sense Alloy Pad, PowerWave Pad Lite +, PowerWave Sense 2-in-1 Station, PowerWave II Sense Stand, PowerWave Slim Pad, PowerWave Magnetic Pad, PowerWave II Pad, PowerWave Fast Wireless Charging Stand, PowerWave Stand, Qi-Certified PowerPort Wireless 5 PowerWave Stand, PowerWave 4-in-1 Stand, PowerWave + Pad with Watch Holder, PowerWave Magnetic 2-in-1 Stand, PowerWave Pad with Watch Holder, PowerWave 10 Stand with 2 USB-A Ports, PowerWave 10 Dual Pad, PowerWave II Stand with Power Adapter, PowerWave 3-in-1 Stand with Watch Charging Cable Holder, Anker 10W Max Wireless Charger, Anker 622 Magnetic Battery (MagGo), Anker 633 Magnetic Wireless Charger (MagGo), Anker 544 Wireless Charger (4-in-1 Stand), Anker 533 Magnetic Wireless Charger (3-in-1 Stand), Anker 313 Wireless Charger (Pad), and Anker 313 Wireless Charger (Stand) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '537 Patent, including through Anker's own use and/or testing of the Accused Products. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

23. The Accused Products satisfy all claim limitations of one or more claims of the '537 Patent. A claim chart comparing exemplary independent claim 1 of the '537 Patent to representative Accused Products is attached as Exhibit 6.

24. Anker also knowingly and intentionally induces infringement of one or more claims of the '537 Patent in violation of 35 U.S.C. § 271(b). Before the filing of this Amended Complaint, Anker has knowledge of the '537 Patent in as many as three different ways.

25. First, on November 4, 2021, Anker accepted service of an original complaint alleging infringement of the '537 Patent and the infringing nature of the Accused Products. *See* Dkt. No. 31.

26. Second, on information and belief, Anker has knowledge of the '537 Patent through co-pending actions filed by Scramoge against its competitors (Mophie Inc. and Belkin International, Inc.), which also allege infringement of the '537 Patent by similar wireless chargers and charging power banks as those sold by Anker. *See Scramoge Technology Ltd. v. Mophie Inc.*, No. 8:21-cv-01673-DOC-ADS (C.D. Cal. Oct. 7, 2021); *Scramoge Technology Ltd. v. Belkin International Inc.*, No. 2:21-cv-08035-DOC-ADS (C.D. Cal. Oct. 8, 2021). With respect to its competitors Mophie and Belkin, it is plausible that Anker tracks or is otherwise appraised of patent litigations against other market players in the ordinary course of business and learned of the '537 Patent through the filing of those cases.

27. Third, on January 18, 2022, Scramoge sent Anker a letter outlining its infringement of, *inter alia*, the '537 Patent and demanding that Anker cease its infringing activities (including but not limited to its inducement and contributory infringement of the '537 Patent) by January 21, 2022. Anker acknowledged receipt of the letter on January 25, 2022. To date, however, Anker has not ceased its infringing activities.

28. Despite this knowledge obtained as many as three different ways of the '537 Patent, Anker continues to actively encourage and instruct its customers

and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '537 Patent. For example, Anker instructs users on how to use the exemplary Anker PowerCore III 10K to inductively charge a target unit, *i.e.*, smartphone, wearable, and/or other device, in a manner that infringes one or more claims of the '537 Patent:





*See* https://us.anker.com/collections/portable-power/products/a1617. Anker also provides user manuals on its website that include step-by-step instructions on how to use the exemplary Anker PowerCore III 10K to inductively transfer power to a target unit, *i.e.*, a smartphone, wearable, and/or other device, in an infringing manner:

8



https://dix7fd4yse9rd.cloudfront.net/s/Anker/product/6039791632534/files/1625727999221_51005002349a1617onlinemanual75x110mm20210617v05.pdf. Anker provides similar instructions and user manuals on its website that depict how to use the Accused Products in an infringing manner. *See e.g.*, https://us.anker.com/collections/wireless/products/a2524?variant=37438027137174 (Anker 313 Wireless Charger Stand); https://us.anker.com/collections/wireless/products/b2575?variant=4109388392053

9

4 (Anker 544 Wireless Charger (4-in-1 Stand)). Anker provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Anker also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '537 Patent, thereby specifically intending for and inducing its customers to infringe the '537 Patent through the customers' normal and customary use of the Accused Products.

29. Anker has also infringed, and continues to infringe, one or more claims of the '537 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '537 Patent, are especially made or adapted to infringe the '537 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. For the reasons state above, Anker has knowledge of the '537 Patent. Despite this knowledge, Anker has is contributorily infringing the '537 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, Anker advertises that the Accused Products, including the exemplary PowerCore III 10K, are designed to transfer power to compatible devices:

> Portable Wireless Charging: Qi-certified to provide up to 10W of wireless charging power to phones, earbuds, or other devices on the go.

Case 5:21-cv-01712-DOC-ADS   Document 37   Filed 01/28/22   Page 12 of 15   Page ID #:202



See https://us.anker.com/collections/portable-power/products/a1617; *see also, e.g.*, https://us.anker.com/collections/wireless/products/a2524?variant=37438027137174 (Anker 313 Wireless Charger Stand) ("Place your phone on the center of the PowerWave Stand to ensure stable charging."). Anker's wireless power chargers, power banks, and battery packs are base units that constitute a material part of the inventions claimed in the '537 Patent, are especially made or adapted to infringe the '573 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. For example, there are no non-infringing uses for the accused functionality in the Accused Products other than to inductively transfer power to a target unit in an infringing manner.

30.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Anker has injured Plaintiff and is liable for infringement of the '537 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

11

31. As a result of Anker's direct infringement of the '537 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Anker's infringement, but in no event less than a reasonable royalty for the use made of the invention by Anker, together with interest and costs as fixed by the Court.

32. As a result of Anker's indirect infringement of the '537 Patent (induced and contributory infringement), Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Anker's infringement, but in no event less than a reasonable royalty for the use made of the invention by Anker, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Anker has infringed, either literally and/or under the doctrine of equivalents, the '652, '392, and '537 Patents;

b. A judgment and order requiring Anker to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Anker's infringement of the '652, '392, and '537 Patents;

c. A judgment and order requiring Anker to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d. A judgment and order requiring Anker to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Anker; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED: January 28, 2022          Respectfully submitted,

*/s/Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (*pro hac vice* pending)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (*pro hac vice* pending)
shasenour@raklaw.com
Drew B. Hollander (*pro hac vice* pending)
dhollander@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Scramoge Technology Limited***

13

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the CM/ECF system per LR 5(a), and that all interested parties are being served with a true and correct copy of these documents via the CM/ECF system.

DATED: January 28, 2022

*/s/ Reza Mirzaie*
Reza Mirzaie